UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| CRAIG JOHNSON, | Case No. 15-CV-3881 (MJD/LIB) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MINNESOTA STATE PATROL, | |
| Defendant. | |

---

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636; and upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 2].

Plaintiff Craig Johnson alleges that the actions of an officer of defendant Minnesota State Patrol caused him to suffer physical and emotional injuries. Johnson did not pay the required filing fee for this case, but instead applied to proceed *in forma pauperis* ("IFP"). *See* Docket No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review of the IFP application, this Court concludes that Johnson qualifies financially for IFP status. That said, an IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable

inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Johnson's complaint is brief and cryptic in many respects. He alleges that he was stopped while hitchhiking one night about nine years ago by an officer of the Minnesota State Patrol, who asked Johnson to show identification. *See* Compl. at 4 [Docket No. 1]. After the encounter, the officer told Johnson to "walk down a dirt road next to a trailer park" near where the encounter had occurred. *Id*. Johnson did this, came to an intersection of two dirt roads, and somehow fell into a pile of wood and barbed wire. *Id*. It does not appear from Johnson's complaint that the officer was with Johnson at the time he fell or that the officer had any other involvement in the events at issue, other than in telling Johnson to walk down the dirt road. Medics did not arrive to help Johnson until the next morning. *Id*. Johnson suffered a scar on his buttocks from the fall, and he now seeks compensation from the Minnesota State Patrol for plastic surgery to remove that scar. He also seeks monetary compensation for pain and suffering. *Id*.

Apart from alleging that this Court has federal-question jurisdiction over this case, *see* Compl. at 3, Johnson does not suggest a legal theory under which he is suing. Even after giving Johnson's complaint the broadest possible interpretation, this Court cannot discern anything in the

actions of the Minnesota State Patrol or its officers that could be interpreted as a violation of federal or state law. Indeed, Johnson's injuries appear to have been completely attenuated from any actions of the Minnesota State Patrol officer. Johnson does not allege, and it does not appear to be the case, that the encounter with the officer itself was illegal. Nor has Johnson plausibly alleged that the officer's instructions were a proximate cause of his later fall. His complaint should be dismissed without prejudice for failure to state a plausible claim for relief.

This Court also notes that, even if Johnson could plausibly allege a cause of action, it is overwhelmingly likely that the action would be barred by the statute of limitations. Johnson alleges that the events at issue "happened nine years ago." Compl. at 4. Because Johnson is unclear about the legal theory under which he is proceeding, it is difficult to speculate which statute of limitations would control his claim. That said, Minnesota law establishes a six-year limitations period for "liability created by statute," Minn. Stat. § 541.05, subd. 1(2); and a two-year limitations period for torts "resulting in personal injury," Minn. Stat. § 541.07(2). *See also United States v. Bailey*, 700 F.3d 1149, 1153 (8th Cir. 2012) ("The statute of limitations on claims under 42 U.S.C. § 1983 . . . is six years in Minnesota."). Johnson's claim would be squarely barred by either of these limitations periods, which seem to this Court to be the limitations periods most likely to apply to Johnson's claims.

In any event, Johnson has not alleged a plausible cause of action, as explained above. Accordingly, this Court now recommends that this action be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B).

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be SUMMARILY DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B).

2. Plaintiff Craig Johnson's application to proceed *in forma pauperis* [Docket No. 2] be DENIED.

Dated: November 5, 2015

s/Leo I. Brisbois
Leo I. Brisbois
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.